# EXHIBIT B

| | |
|---|---|
| **de LUCA LEVINE, LLC**<br>BY:  **Kenneth T. Levine, Esquire**<br>**Atty. I.D. No. 6098/4**<br>**Three Valley Square, Suite 220**<br>**Blue Bell, PA 19422**<br>**(215) 383-0081** | **ATTORNEYS FOR PLAINTIFF** |

| | |
|---|---|
| **NING HAAS**<br>540 4th Street<br>Catasaqua, PA 18032,<br>    **Plaintiff**<br>  v.<br><br>**RUST-OLEUM CORPORATION,**<br>11 E. Hawthorn Parkway<br>Vernon Hills, IL 60061<br>    **Defendant** | **Case No.  2020-C-2995**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE:

**LAWYER REFERRAL SERVICE,**
**Lehigh County Bar Association**
**1114 Walnut Street**
**Allentown, PA 18102**
**(610) 433-7094**

**IN THE COURT OF COMMON PLEAS**
**OF LEHIGH COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

| | |
|---|---|
| **NING HAAS**<br>540 4th Street<br>Catasaqua, PA 18032,<br>    **Plaintiff**<br>   v.<br><br>**RUST-OLEUM CORPORATION,**<br>11 E. Hawthorn Parkway<br>Vernon Hills, IL 60061<br>    **Defendant** | Case No.  2020-C-2995<br><br><u>**COMPLAINT**</u><br><br>**JURY TRIAL DEMANDED** |

## <u>COMPLAINT</u>

Plaintiff, Ning Haas, by and through undersigned counsel, hereby demands judgment against Defendant, and complains against it as follows:

## <u>PARTIES</u>

1. Plaintiff, Ning Haas (hereinafter "Plaintiff") was, at all times relevant hereto, an adult individual and Pennsylvania citizen who was the owner and occupant of the property located at 540 4th Street in Catasaqua, Pennsylvania (hereinafter the "subject property").

2. At all times relevant hereto, Defendant, Rust-oleum Corporation (hereinafter "Rust-oleum") was and is, upon information and belief, a Delaware corporation with its primary place of business at the above-captioned address, and was authorized to do business within the Commonwealth of Pennsylvania. Upon information and belief, Rust-oleum is in the business of, *inter alia*, designing, formulating, manufacturing, testing, packaging, labeling, marketing, selling, and/or distributing stains and surface preparation products such as, *inter alia*, Rust-oleum/Varathane Classic Wood Stain. Upon further information and belief, Defendant Rust-oleum undertakes a significant amount of money selling, distributing and/or marketing stains and

surface preparation products such as, *inter alia*, Rust-oleum/Varathane Classic Wood Stain in Pennsylvania.

## FACTUAL BACKGROUND

3. On or prior to August 16, 2020, Plaintiff purchased for use at the subject property, one or more containers of Rust-oleum/Varathane Wood Stain (hereinafter "the subject stain product"), a product designed, formulated, manufactured, tested, packaged, labeled, marketed, sold and/or distributed, by Defendant.

4. On or about August 16, 2020, Plaintiff was applying the subject stain product in the 2nd floor hallway and in a few of the 2nd floor rooms at the subject property as part of renovations.

5. When the work was finished on that day, the application materials containing and/or saturated with such product were placed in a bag and left at the subject property.

6. Later that same day, a fire erupted at the subject property.

7. The fire resulted in extensive damage to Plaintiff's real and personal property, as well as, the imposition of additional expenses and hardship.

8. The fire was directly and proximately caused by the spontaneous combustion of the application materials containing and/or saturated with the subject stain product as further and more fully described below.

9. As a direct and proximate result, Plaintiff sustained the damages described herein in an amount well in excess of $75,000.00.

## **COUNT I – STRICT LIABILITY**

10. Plaintiff incorporates herein by reference the foregoing paragraphs as though same were fully set forth at length.

11. At all relevant times hereto, Rust-oleum was engaged in the business of designing, formulating, manufacturing, testing, packaging, labeling, marketing, selling and/or distributing the subject stain product.

12. The subject stain product as designed, formulated, manufactured, tested, packaged, labeled, marketed, sold and/or distributed by Rust-oleum reached Plaintiff, upon information and belief, without any material change in condition or design.

13. Plaintiff was an intended user/consumer of the subject stain product.

14. The subject stain product was defective and unreasonably dangerous, and/or hazardous in design and manufacture, as it lacked conspicuous, proper and adequate warnings, instructions and/or advice as to how to properly use, handle, dispose of and store application materials containing and/or saturated with the subject stain product.

15. Further, the subject stain product was defective and unreasonably dangerous for the ordinary and intended use of the product in the following detailed and particular aspects:

    (a) Failed to properly and safely eliminate the avoidable danger of self-heating and/or spontaneous combustion;

    (b) Had the dangerous and hazardous propensity of self-heating and/or spontaneous combustion if materials used in the application of the product were not properly disposed of and/or discarded;

    (c) Failed to adequately warn Plaintiff and other consumers or users that the subject stain product and byproducts thereof were susceptible to self-heating and spontaneous combustion;

    (d) Failed to provide Plaintiff and other consumers or users of the subject stain product with adequate information, instructions or warnings

concerning the safe disposal and/or storage of materials exposed to or saturated with the product and byproducts;

(e) Failed to provide Plaintiff and other consumers or users of the subject stain product with adequate and conspicuous warnings concerning the safe disposal and/or storage of materials exposed to or saturated with the product and byproducts of the subject stain product;

(f) Located any inconspicuous and inadequate warnings or instructions as to such issues in a location that would be foreseeably affected or clouded from view by the product itself; and/or

(g) Additionally or alternatively failed to conform the subject stain product labeling to prevailing and safe industry and/or governmental specifications and standards.

16. The design, formulation, manufacturing, testing, packaging, labeling, marketing, sale, and/or distribution of the subject stain product with the aforementioned defects and/or inadequacies made the subject stain product defective and unreasonably dangerous for its intended use.

17. At all times material hereto, the subject stain product was used for the purpose and in the manner intended and/or reasonably expected or foreseeable by Rust-oleum.

18. The aforementioned defects or defective conditions existed at the time the subject stain product left the possession and/or control of Rust-oleum.

19. The defective and dangerous conditions of the subject product stain proximately caused a fire to occur at the subject property, which resulted in damages to Plaintiffs.

20. Therefore, Rust-oleum is strictly liable to Plaintiff under the applicable law of the Commonwealth of Pennsylvania.

21. As a direct and proximate result, Plaintiff sustained and incurred damage to her property and the imposition of additional expenses in an amount in excess of $75,000.00.

22. As a direct and proximate result, Plaintiff suffered inconvenience, discomfort and the loss of the use and enjoyment of her property.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant Rust-oleum Corporation in an amount in excess of $75,000.00, plus interest, delay damages, and such other relief as the Court deems appropriate under the circumstances.

## COUNT II – NEGLIGENCE

23. Plaintiff incorporates herein by reference the foregoing paragraphs as though same were fully set forth at length.

24. Rust-oleum had a duty to exercise reasonable care in the design, formulation, manufacture, testing, packaging, labeling, sale and/or distribution, of the subject stain product, including a duty to ensure that the product did not expose users or consumers, such as Plaintiff, to an unreasonable risk of harm and/or danger and that any unreasonable hazard and/or danger associated with the product was properly and adequately warned against.

25. Rust-oleum owed Plaintiff and other users or consumers of the subject stain product a duty to act with reasonable care in the in the design, formulation, manufacture, testing, packaging, labeling, sale and/or distribution, of the subject stain product to provide a reasonably safe product and eliminate avoidable dangers, such as the unreasonably dangerous and hazardous propensity for self-heating and/or spontaneous combustion.

26. Rust-oleum also owed Plaintiff and other users and consumers of the subject stain product a duty to provide adequate warnings and/or instruction concerning safe disposal and/or storage of materials exposed to or affected by the subject stain product, including byproducts thereof, produced during ordinary and intended use.

27. Rust-oleum breached its duties of care to Plaintiff and was negligent in:

   (a)  failing to eliminate the avoidable danger of self-heating and/or spontaneous combustion;

   (b)  failing to offer consumers, such as Plaintiff, a less-hazardously designed and/or formulated product that would perform comparably to the actual product sold without its inherent damages (including its propensity to self-heat / spontaneously combust);

   (c)  failing to adequately warn Plaintiff and other consumers or users that the subject stain product and byproducts thereof were susceptible to self-heating and spontaneous combustion;

   (d)  failing to provide Plaintiff and other consumers or users of the subject stain product with adequate information, instructions or warnings concerning the safe disposal and/or storage of materials exposed to or affected by the product and byproducts; and/or

   (e)  failing to provide Plaintiff and other consumers or users of the subject stain product with adequate and conspicuous warnings concerning the safe disposal and/or storage of materials exposed to or affected by the product and byproducts of the subject stain product, when it knew or should have known dangerous and/or hazardous propensity of the subject stain product for the self-heating and/or spontaneous combustion and the safe disposal and/or storage of materials exposed to or affected by the product and byproducts.

   (f)  failing to locate any warnings or instructions as to the above hazards in a manner that would not be affected, impacted, or clouded by the use of the product itself

   (g)  failing to conform the subject stain product's labeling, warnings and instructions to the foreseeable use and/or foreseeable misuse or conduct of its customers

   (h)  additionally or alternatively failing to perform the above measures in conformity with prevailing and safe industry and/or governmental specifications and standards;

    (i)    failing to retain, employ, and/or contract with adequate and proper individuals to undertake the measures set forth in the subparagraphs above;

    (j)    failing to properly train the individuals who were retained, employed or contracted with to undertake the measures set forth in the subparagraphs above; and/or

    (k)    failing to provide, establish, and/or follow proper and adequate controls so as to avoid the problems enumerated in the subparagraphs above.

28. Rust-oleum owed Plaintiff the aforementioned duties and breached said duties.

29. As a direct and proximate result of the aforementioned negligence and carelessness of Rust-oleum, a fire occurred and Plaintiff sustained and incurred damage to her property and the imposition of additional expenses in an amount in excess of $75,000.00.

30. As a direct and proximate result of the negligence and carelessness of Rustoleum, Plaintiff suffered inconvenience, discomfort and the loss of the use and enjoyment of her property.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Rust-oleum Corporation in an amount in excess of $75,000.00, plus interest, delay damages, and such other relief as the Court deems appropriate under the circumstances.

### COUNT III - BREACH OF IMPLIED WARRANTY

31. Plaintiff incorporates herein by reference the foregoing paragraphs as though same were fully set forth at length.

32. At the time Rust-oleum designed, formulated, manufactured, tested, packaged, labeled, marketed, sold, and/or distributed the subject stain product, Rust-oleum knew of the use

for which the product was intended, and impliedly warranted the product to be of merchantable quality and safe and fit for such use.

33. Contrary to such implied warranties, the subject stain product was not of merchantable quality and fit and safe for its intended use because it was defective as noted at length above.

34. Rust-oleum breached its implied warranty of merchantability as set out in 13 Pa. C. S. A. § 2314 and the common law of the Commonwealth of Pennsylvania in that the product was not fit for the ordinary uses for which the product was used, as noted herein and above.

35. At the Plaintiff's property, the subject stain product functioned improperly in the absence of abnormal use and reasonable secondary causes.

36. Plaintiff's damages occurred as a direct and proximate result of Rust-oleum's breach of its implied warranty of merchantability as set out in 13 Pa. C. S. A. § 2314 and the common law of the Commonwealth of Pennsylvania.

37. As a natural and foreseeable consequence of this breach, the fire occurred at the subject property, which resulted in Plaintiff's damages.

38. As a direct and proximate result of the aforementioned breach, Plaintiff sustained and incurred damage to her property and the imposition of additional expenses in an amount in excess of $75,000.00.

39. As a direct and proximate result of the aforementioned breach, Plaintiff suffered inconvenience, discomfort and the loss of the use and enjoyment of her property.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant Rust-oleum Corporation in an amount in excess of $75,000.00, plus interest, delay damages, and such other relief as the Court deems appropriate under the circumstances.

                                        **de Luca Levine LLC**

**Dated:**   February 8, 2021        **BY:**      */s/ Kenneth T. Levine*
                                                        Kenneth T. Levine (PA ID No. 60984)
                                                        klevine@delucalevine.com
                                                        Three Valley Square, Suite 220
                                                        Blue Bell, PA 19422
                                                        (215) 383-0081 / (215) 383-0082 (fax)
                                                        ATTORNEYS FOR PLAINTIFFS

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by right to jury.

**BY:** _____
Kenneth T. Levine, Esquire